J-S19027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JEANETTE PENA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY J. PARKER | : | |
| | : | |
| Appellant | : | No. 3359 EDA 2024 |

Appeal from the Order Entered November 19, 2024
In the Court of Common Pleas of Lehigh County
Domestic Relations at No:  DR-93-293,
PASCES: 259002058

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

JUDGMENT ORDER BY STABILE, J.:          **FILED SEPTEMBER 2, 2025**

Appellant, Anthony J. Parker, appeals *pro* from the November 19, 2024 child support order directing him to pay $180.00 per month in arrears.  We affirm.

The record reveals that the parties have been litigating this child support action since 1993.  The involved child was emancipated on January 7, 2006, after which Appellant remained obligated to pay $200.00 per month in arrears. Appellant filed the instant modification petition on May 7, 2024.  A hearing officer conducted a hearing on August 26, 2024.

The hearing officer's summary report, dated September 6, 2024, indicates that Appellant owed more than $9,000.00 in arrears.  Appellant's arrears obligation in this matter is in addition to arrears he pays in an unrelated support action (the "Unrelated Support Action").  Summary Report,

9/6/24, at 2. Appellant, now retired, receives $2,040.70 per month in social security, from which the hearing officer deducted Appellant's self-support reserve minimum of $1063.00, leaving a balance of $977.70. *Id.* at 2-3. From the remaining balance, the officer deducted $174.70 for the documented cost of Appellant's Medicaid Part B coverage and $50.00 for the monthly cost of Appellant's prescription medications. *Id.* at 3. These deductions left a balance of $753.00. Appellant pays $553.12 in arrears in the Unrelated Support Action, thus leaving $199.88 available for Appellant's arrears obligation in the instant matter. *Id.* at 3. The hearing officer therefore imposed a monthly obligation of $180.00, down $20.00 from his previous obligation. *Id.*

The officer provided the following reasoning:

> The undersigned hearing officer is cognizant of the fact that [Appellant] is living on minimum income. In addition, the undersigned hearing officer also takes into consideration that [Appellant's] support obligations are decades old, that [Appellant] has fought his obligation through countless petitions and motions. Because of the outstanding balance in this matter, and [Appellant's] age, the undersigned hearing officer believes that if the amount is reduced further, [Appellant] may not have the opportunity to pay his support obligation.

*Id.* at 3.

Appellant filed exceptions on September 20, 2024. The trial court conducted a hearing on November 13, 2024, and issued the order on appeal on November 19, 2024.

Appellant's *pro se* brief contains no argument addressing the amount of his current support order,[1] as calculated above. Rather, he argues that the Social Security Administration ("SSA") is garnishing more of his monthly benefit than is required to meet his arrears obligations, and more than is required by the trial court's garnishing order. In particular, he claims that the SSA, since March of 2023, has been withholding $200.00 in excess of Appellant's total arrears.[2] Appellant's Brief at 2. We observe that documentation from the SSA advises Appellant to direct any concerns to the Lehigh County Domestic Relations Court. Instead, Appellant asks this Court to investigate, claiming that the trial court has failed to do so.

On the state of the record before us and the state of Appellant's *pro se* brief, no appellate relief is available to Appellant. This Court is not a fact finding court, and we are not equipped to investigate the Appellant's arrears payments and social security garnishments. Appellant has failed to develop any legal argument to challenge the modification of his arrears obligation from $200.00 down to $180.00. Because the relief Appellant seeks is beyond this Court's authority to grant, and because he has not developed an argument for

_____

[1] We observe that this Court may reverse a trial court's support order only where it cannot be sustained on any valid ground. **McClain v. McClain**, 872 A.2d 856, 860 (Pa. Super. 2005).

[2] We deny Appellant's May 28, 2025, application for relief, which also addresses the SSA garnishments.

- 3 -

relief that is available to him within the scope and standard of review applicable to support orders, we affirm the trial court's order.

Order affirmed. Application for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025